71 P.3d 477

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**James P. TAIE, Defendant–Appellant.**

No. 28523.

Court of Appeals of Idaho.

May 23, 2003.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

James Paul Taie appeals from the district court's order compelling Taie to pay restitution to victims of Taie's criminal offenses. He argues that the evidence is insufficient to support the award and that he does not now have, and will not have upon release from

incarceration, sufficient funds to pay the ordered restitution. We affirm.

## BACKGROUND

Taie, while driving under the influence of alcohol and methamphetamine, hit a motorcyclist, Brad Nielsen. Instead of stopping, Taie fled, leading police officers on a high-speed chase. In the course of the chase, Taie drove his pickup through a chain link fence owned by Cesco Equipment. As a result of this episode, Taie was charged with and pleaded guilty to aggravated assault, Idaho Code §§ 18–901(b), 18–905(a), aggravated driving while under the influence of alcohol or drugs, I.C. § 18–8006, felony eluding a peace officer, I.C. § 49–1404(2), and aggravated assault upon a police officer, I.C. §§ 18–915, 18–905(a), 18–901(b).

After Taie was convicted, the State requested an order of restitution for, among other things, the damage caused to Nielsen's motorcycle and to Cesco Equipment's fence. To support the claim, the State presented Nielsen's testimony that his insurer, American Modern Home Insurance Company ("American"), had paid approximately $4,900 for the motorcycle damage. This testimony was corroborated with a letter from American stating that American had paid Nielsen $4,902.74 as insurance benefits for this damage. Nielsen further testified, however, that he had repaired the motorcycle himself and did not keep track of his actual costs. For the harm to the chain link fence, the State presented a letter from Cesco Equipment's insurer, Sentry Select Insurance Company ("Sentry"), which stated that the damage was $3,695.00, including both the insurer's payment and Cesco Equipment's $500 deductible. There was no objection to this evidence, nor was there any countervailing evidence presented by Taie.

The district court thereafter issued an order for restitution in the amount of $13,035.96, which included $4,902.74 to compensate American for benefits it paid due to the motorcycle damage, $3,195.00 to be paid

to Sentry, and $500.00 to be paid to Cesco Equipment.

## ANALYSIS

Orders for the payment of restitution to crime victims are governed by I.C. § 19–5304. Restitution may be ordered only for actual economic loss suffered by a victim. I.C. § 19–5304(1)(a), (2). The decision whether to require restitution is committed to the trial court's discretion. *State v. Hamilton*, 129 Idaho 938, 942, 935 P.2d 201, 205 (Ct.App.1997); *State v. Aubert*, 119 Idaho 868, 869, 811 P.2d 44, 45 (Ct.App.1991), *overruled on other grounds, State v. Dorsey*, 126 Idaho 659, 662, 889 P.2d 93, 96 (Ct.App.1995). Once it is determined that an award is appropriate, however, the amount of the award must be supported by substantial evidence. *Hamilton*, 129 Idaho at 943, 935 P.2d at 206; *State v. Bybee*, 115 Idaho 541, 544, 768 P.2d 804, 807 (Ct.App.1989).

Taie argues that the restitution award for the damage to the motorcycle was without evidentiary support because the State presented no estimate of the cost of repairs from a professional repair shop and Nielsen acknowledged that he had not kept track of the amount of his out-of-pocket costs incurred in making the repairs himself. Likewise, Taie contends that the award for the cost of repairing the chain link fence was not substantiated with any estimate or invoice showing the actual or estimated cost of repair.

Taie's argument is flawed because it does not recognize that the "victims" entitled to restitution for their economic loss occasioned by a crime include the insurers that have paid for property damage. Idaho Code § 19–5304(1)(e)(iv) defines victim to include "a person or entity who suffers economic loss because such person or entity has made payments to or on behalf of a directly injured victim pursuant to a contract including, but not limited to, an insurance contract."[1] Therefore, insurance companies that paid benefits for damage inflicted upon Nielsen's motorcycle and Cesco Equipment's fence were victims entitled to recover their

1. In *State v. Gardiner*, 127 Idaho 156, 164–68, 898 P.2d 615, 623–27 (Ct.App.1995), we held that insurers were not entitled to restitution in a criminal case. The definition of "victim" in § 19–5304 was thereafter amended to include insurers. 1997 Idaho Sess. Laws, ch. 112 at 272.

880

economic loss. The State's evidence at the restitution hearing showed the amount of the insurers' loss in the form of benefits paid. Nothing in this evidence gives reason to infer that the payments were for an amount greater than the insurance companies were obligated to pay under their insurance contracts. Taie presented no countervailing evidence to show that the insurance payments were inflated or unreasonable in relation to the property damage that he caused. Therefore, the restitution award of the district court is supported by sufficient evidence of the economic losses to be compensated.

 Taie also argues that the restitution award was an abuse of discretion because the district court did not adequately consider Taie's inability to actually pay the total award. Taie argues that his incarceration renders him currently unable to pay restitution and that, because he suffered a broken back and injured ankle on the night of his crimes, he will be unable upon release to secure employment as a general laborer, his former occupation.

Idaho Code § 19-5304(7) provides that inability to pay does not preclude, or impose a limit upon, a restitution award:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

The offender's ability to pay is thus only one of several factors for the court's consideration when it makes a discretionary determination on a claim for restitution. *Bybee*, 115 Idaho at 543, 768 P.2d at 806 (affirming restitution order imposed on sixty-one-year-old man despite concluding that it was "unlikely that [the defendant] will ever meet the full amount of restitution ordered"). At the restitution hearing in this case, Taie's argument of financial inability was presented to and considered by the district court, but the district court concluded that the order of restitution was nevertheless appropriate. Taie has not shown that the restitution order exceeded the bounds of the district court's permissible choices, was inconsistent with applicable legal standards, or was not based upon an exercise of reason. *See State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct.App.2002); *Aubert*, 119 Idaho at 869–70, 811 P.2d at 45–46. Therefore, we find no abuse of discretion in the district court's decision to order restitution or in the amount awarded.

## CONCLUSION

The evidence was sufficient to support the restitution order, and the order was not erroneous merely because of Taie's claimed inability to pay. The order of the district court is therefore affirmed.

Judge PERRY and Judge GUTIERREZ concur.