**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40085**

| | | |
|---|---|---|
| JOEY STAKEY, | ) | 2013 Unpublished Opinion No. 488 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 8, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Silvey Law Office, Ltd.; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joey Stakey appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

**I.**

**FACTS AND PROCEDURES**

Stakey pled guilty to first degree arson, Idaho Code § 18-802, for setting fire to a restaurant. The district court imposed a unified term of twenty-five years with ten years determinate. Stakey was also ordered to pay restitution in the amount of $511,844.93. Stakey filed a successive petition for post-conviction relief, alleging ineffective assistance of appellate counsel for failing to challenge the restitution order on appeal. The district court summarily dismissed his petition. Stakey timely appeals.

1

## II.

## ANALYSIS

Stakey claims that the district court erred when it summarily dismissed his petition. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at

483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at

3

923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

If an initial post-conviction action was timely filed, an individual may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. Analysis of "sufficient reason" permitting the filing of a successive application includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Id*. at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive application, we will simply consider it on a case-by-case basis. *Id.* Therefore, the question is whether the applicant in the present case filed the successive application alleging ineffective assistance of prior post-conviction counsel within a reasonable period of time.

Stakey claims that his appellate counsel provided ineffective assistance by failing to appeal the district court's order of restitution. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).

The restitution order at issue was filed on May 13, 2002. Following Stakey's conviction, his trial counsel failed to file an appeal. The district court granted post-conviction relief and reinstated Stakey's right to appeal. Stakey appealed, raising only the issue of whether his sentence was excessive. This Court affirmed his judgment of conviction and sentence on March 6, 2009. Over two years later, on May 24, 2011, Stakey filed this successive petition, arguing that his appellate counsel was ineffective for failing to appeal his restitution order. Ineffective assistance of counsel claims are presumed to be known when they occur. *State v.*

4

*Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). Therefore, Stakey knew of his claim at least two years prior to filing his successive petition. Two years is not a reasonable period of time in which to bring a successive petition. *See Schwartz v. State*, 145 Idaho 186, 191, 177 P.3d 400, 405 (Ct. App. 2008) (holding that waiting twelve months to file a successive petition alleging ineffective assistance of counsel was not a reasonable time); *Charboneau*, 144 Idaho at 905, 174 P.3d at 875 (holding that thirteen months delay was an unreasonable time).

In his successive petition for post-conviction relief, Stakey raised the sole issue of whether his appellate counsel was ineffective for failing to challenge his restitution order in his direct appeal. Stakey was required to pay restitution in the amount of $511,844.93. As part of the restitution award, Stakey was ordered to pay $59,723.95 for "loss of earnings." Stakey argued that his appellate counsel was ineffective for failing to appeal the "loss of earnings" award because: (1) loss of earnings is not compensable under the restitution statute; and (2) even if loss of earnings could be awarded, there was insufficient evidence to support the amount awarded. The district court summarily dismissed the successive petition, finding that Stakey was unable to demonstrate prejudice.

On appeal, Stakey argues that the district court erred because it did not make a finding regarding deficiency. Stakey contends that, in this particular circumstance, the "claimed error of failing to raise a meritorious appellate issue does not allow the deficient performance analysis to be skipped over because if the performance was deficient then there was necessarily prejudice." However, even if Stakey is correct that the prejudice and deficiency determinations here are intertwined, then a determination as to one determines the other. Stakey was not prejudiced here because he could not demonstrate that appeal of the order would have been appropriate or successful.

First, Stakey did not demonstrate that he objected to the restitution order so as to preserve an appealable issue. In fact, the district court's restitution order states that restitution was ordered with "there being no objection from the defendant or defense counsel." Nonetheless, Stakey claims that the issue was preserved for appeal because trial counsel filed an "opposition to state's motion for additional restitution," citing only to an entry in the register of action. The purported objection was not placed before the district court or in the record on this appeal, and thus we are unable to determine whether Stakey preserved an objection to the award of $59,723.95, or to the entire award of $511,844.93, or to something completely different.

Second, the record demonstrates that an appeal of the "loss of earnings" restitution order would have been fruitless. As Stakey points out in his brief, a conclusion that an appeal, if pursued, would not have been successful is determinative of both the deficiency and prejudice prongs. *Hoffman v. State*, 153 Idaho 898, 904, 277 P.3d 1050, 1056 (Ct. App. 2012); *Baxter v. State*, 149 Idaho 859, 864, 243 P.3d 675, 680 (Ct. App. 2010). At a hearing on the State's motion for summary disposition, Stakey conceded that "restitution is discretionary for the court." We have previously stated that "[t]he decision whether to order restitution and in what amount is within the discretion of a district court, guided by consideration of the factors set forth in I.C. § 19-5304(7)."[1] *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Stakey argues that the "loss of earnings" portion of the order was outside the district court's discretion because there was no evidence supporting the amount awarded. However, the State provided the district court with a letter from an insurance company that contained an attached affidavit. The affidavit itemized the losses paid by the insurance company to the victim and included the amount of $59,723.95 as "loss of earnings." Evidence demonstrating the amount of damages paid by the insurers is sufficient to support a restitution order. *State v. Taie*, 138 Idaho 878, 879-80, 71 P.3d 477, 478-79 (Ct. App. 2003). Therefore, we conclude that an appeal regarding the "loss of earnings" portion of the order would not have succeeded, as Stakey failed to demonstrate that this type of restitution was not within the district court's discretion and he was unable to demonstrate that the amount of the order was not supported by substantial evidence. Accordingly, the district court did not commit error by dismissing Stakey's successive petition.

---

[1]     Idaho Code § 19-5304(7) states:
     The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

### III.

### CONCLUSION

Stakey has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing Stakey's successive petition is affirmed.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**