**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44672**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 374** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 28, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **ROMAN ROBERT HAMANN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Judgments and orders of restitution, <u>vacated</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Roman Robert Hamann appeals from the district court's judgments and orders of restitution. For the reasons set forth below, we vacate both judgments and orders of restitution.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Hamann guilty of possession of stolen property for stealing a car (a Lexus). I.C. § 18-2403(4). The car was recovered and returned to its owner a few days after it was stolen. At sentencing, the State sought restitution for State Farm Insurance Company and restitution for the victim. In support of the restitution requests, the State filed a memorandum advising the district court that the State was requesting $1,700.26 restitution for State Farm and $316.83 restitution for the victim. The State attached a letter from State Farm and an invoice

1

from a car dealership to its restitution memorandum. The letter from State Farm reads: "We understand an arrest has been made in connection with our insured's vehicle which was stolen on February 3, 2016. Should [Hamann] be found guilty, State Farm® is requesting restitution from [Hamann] for the damages sustained by our insured to the extent we have made claim payments." The letter indicated that its "Losses to Date" were "$02/03/2016 [sic],"[1] that its portion of the "loss" was $1,700.26, and that its insured's deductible was $100. The invoice from the car dealership is for $216.83 and indicates it was for reprogramming a key fob for a Dodge. The State did not submit any other invoices and did not present any evidence at the sentencing hearing with respect to its restitution request. Hamann asked the district court to defer ruling on the restitution request until the State submitted additional information supporting the $1,700.26 request from State Farm and additional information explaining the basis for the request regarding the key fob. The district court denied Hamann's request and ordered restitution in the full amount sought by the State, concluding "the out-of-pocket costs and the insurance costs were reasonable." Hamann appeals.

## II.

## STANDARD OF REVIEW

The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). To meet the second and third requirements of the multi-tiered inquiry, the trial court must base the amount of restitution upon

---

[1]     February 3, 2016, was the date the car was stolen.

the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. 19-5304(6). On appeal, the restitution award will be upheld if it is supported by substantial evidence. *State v. Cheeney*, 144 Idaho 294, 296, 160 P.3d 451, 453 (Ct. App. 2007). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

## III.

## ANALYSIS

Hamann argues that the restitution award was not supported by sufficient evidence because the State failed to prove that Hamann's criminal conduct caused the economic losses allegedly incurred by the victim and State Farm. The State concedes the evidence is insufficient to support the $216.83 award to the victim for reprogramming the Dodge key fob since Hamann did not steal that car. The State, however, contends there was sufficient evidence to support the remaining amount of restitution awarded--$1,700.26 to State Farm and $100 for the victim's deductible. We agree with Hamann.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss caused by a defendant's criminal conduct. Economic loss includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket or losses or expenses resulting from the defendant's criminal conduct, but does not include less tangible damage such as pain and suffering or emotional distress. *See* I.C. § 19-5304(1)(a). It is the State's burden to prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the economic loss suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012).

We first note that the State did not present any evidence at the sentencing hearing in support of its restitution request. Instead, the State indicated it was requesting restitution and advised the district court of the amount requested. The request was also set forth in the "Memorandum of Restitution" filed approximately one month prior to sentencing, to which the

3

State attached the State Farm letter.[2]  However, nothing in the memorandum or the State Farm letter shows a causal connection between the amount State Farm paid and Hamann's criminal conduct.  While the letter notes that State Farm's insured's vehicle was stolen and indicates the company was seeking payment for "damages sustained," there was no evidence explaining what the damages were or how Hamann caused them.  Nor did the State offer any explanation even after Hamann asked the district court to keep restitution "open" until more information was provided.  The district court declined to defer its decision after concluding that the amounts requested were reasonable.  There was insufficient evidence to make such a determination because the State did not present any evidence of what the expense was for or how it was connected to Hamann's criminal conduct.

The State argues the evidence was sufficient because the evidence (the letter) "shows that the insurer paid the directly injured victim for losses caused by the theft because she was their insured."  What the letter actually states is that an arrest was made "in connection with our insured's vehicle which was stolen" and that State Farm was "requesting restitution from [Hamann] for the damages sustained by our insured to the extent we have made claim payments."  Even if the letter supports an inference that State Farm paid for damages it believed were incurred as a result of the theft, absent evidence of what those damages were, it is impossible to make a determination that any damages were the result of the theft.  The State's argument that this case is indistinguishable from *State v. Taie*, 138 Idaho 878, 71 P.3d 477 (Ct. App. 2003) is incorrect.

In *Taie*, the defendant was driving under the influence of alcohol and methamphetamine when he hit a motorcyclist.  Taie fled the scene, resulting in a high-speed chase in which Taie drove his pickup through a chain link fence owned by an equipment company.  Taie pled guilty to aggravated assault, aggravated driving while under the influence of alcohol or drugs, felony eluding a peace officer, and aggravated assault upon a police officer.  The State requested restitution for the damage caused to the motorcycle and the chain link fence.  In support of its request, the State presented testimony from the motorcycle owner regarding the amount his

---

[2]  As noted, the State also attached to its memorandum an invoice for reprogramming a Dodge key fob.  Because the invoice relates only to the amount the State concedes was not properly awarded, the invoice is irrelevant to our analysis.

insurance company paid him to repair the damages, which was corroborated by a letter from the insurer. The State also presented a letter from an insurance company stating the amount it paid to repair the chain link fence and the fence owner's deductible. Taie did not object to the evidence or present any evidence of his own. The district court ordered restitution in the full amount requested by the State. On appeal, Taie argued that the restitution award for the motorcycle repairs was unsupported by the evidence because the State failed to submit estimates from a professional repair shop and because Taie failed to keep track of his actual out-of-pocket expenses in making the repairs himself. Taie also challenged the sufficiency of the evidence for the restitution related to the chain link fence because it was not substantiated by an estimate or invoice showing the actual or estimated cost of the repair. This Court rejected Taie's challenges, noting Taie's arguments were flawed because they did not recognize that the insurance companies were entitled to restitution for their economic losses, and the evidence presented showed the amount of that loss. *Id.* at 879-80, 71 P.3d at 478-79.

Unlike *Taie*, Hamann challenges whether the damages claimed were caused by his criminal conduct, not the sufficiency of evidence with respect to the amount paid. Also, unlike in *Taie*, the State presented no testimony in support of its restitution request, and Hamann objected to the State's request by asking the court to leave restitution open until the State presented additional information explaining the bases for the requested restitution. By our opinion, we do not suggest that invoices are required in all cases in order to support a restitution award, but the State must still present evidence that the restitution requested is based on economic loss caused by the defendant's criminal conduct. Such evidence is absent in this case. Accordingly, the judgments and orders of restitution are vacated.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.