**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38656**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2012 Opinion No. 34** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: June 22, 2012** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| RAYMOND STUART NIENBURG, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentence for felony driving under the influence with persistent violator sentence enhancement, <u>affirmed</u>; restitution order <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

---

LANSING, Judge

Raymond Stuart Nienburg appeals from the judgment of conviction entered upon his plea of guilty to felony driving under the influence and to being a persistent violator of the law. He contends that the district court erred in its award of restitution and that an excessive sentence was imposed. We reverse in part and affirm in part.

**I.**

**BACKGROUND**

Although the facts giving rise to these charges are not well developed in the record, it appears that when an officer stopped Nienburg's vehicle for investigation of driving irregularities, Nienburg got out of the car and ran, and the officer chased him down. Nienburg was charged with felony driving under the influence (DUI), with a sentence enhancement for

1

being a persistent violator of the law; misdemeanor driving without privileges; and misdemeanor resisting and obstructing officers.

Nienburg arrived at a plea agreement with the State whereby he agreed to plead guilty to driving under the influence and to being a persistent violator of the law, and the State agreed to dismiss the remaining charges and to recommend a particular sentence. The plea agreement was not reduced to writing, and it was described only cryptically at the plea hearing as follows:

> [DEFENSE COUNSEL]: Yes, Your Honor. My client's going to offer the court a guilty plea to Count One only, which is operating a motor vehicle under the influence of alcohol with a prior felony conviction within 15 years. My client will also plead guilty to the Information Part II. The state's agreed to limit its sentencing recommendation to a 15-year sentence, four years fixed and eleven years indeterminate.
>
> . . . .
> THE COURT: Okay.
> [DEFENSE COUNSEL]: Fine, public defender fees, driver's license suspension is open for argument, the defense is free to argue for less. Restitution is not to exceed $1,156.98.

The prosecutor did not object to nor supplement this articulation of the agreement. The district court repeated its understanding of the restitution term to be that "restitution will not exceed $1,156.98." There was no discussion at this hearing concerning the identity of the "victim" for whom restitution would be sought or the nature of the $1,156.98 economic loss. There also was no expression of consent from Nienburg to pay restitution for economic loss that resulted from the dismissed misdemeanor charge of resisting and obstructing an officer.

At the subsequent sentencing hearing, it was revealed that the victim seeking restitution was Boise City. When the arresting officer was chasing down and capturing Nienburg, apparently the officer's pants ripped, and the cost of replacement pants was $68. Further, when Nienburg fled, he left his car door open and his dog took the opportunity to escape from the vehicle. The dog ran away and, at a location approximately 100 yards from the site of the traffic stop, a responding backup officer struck the dog with his cruiser, killing the animal and damaging the vehicle. The cost to repair the cruiser represented the remaining $1,088.98 of the requested restitution.

At the outset of the sentencing hearing the district court said that as part of the plea agreement, "[Nienburg] agreed that he would pay the restitution and it's in an amount of approximately or a little bit more than $1,156.98 and [Nienburg] was free to argue for less." In

2

response to the court's question, defense counsel and the prosecutor indicated that this was their understanding of the term. The State then handed the court a copy of its proposed order of restitution seeking $68 awardable to the Boise Police Department and $1,088.98 awardable to Boise City, for a total of $1,156.98. The district court asked if Nienburg was willing to pay that restitution amount. Defense counsel responded in the negative, arguing that "$1,088.98 (of the amount sought) is not restitution" and asked the court not to award this amount. The following colloquy then occurred:

> THE COURT: . . . [Nienburg] agreed that he would pay that restitution. I'm sorry. That was part of the discussion. And we even--they even talked about the amount.
> So if he wants to violate the plea agreement, then the plea agreement's gone and the state's free to argue for imposition of up to life.
> [DEFENSE COUNSEL]: He definitely doesn't want to violate the plea agreement.
> THE COURT: Well, as I understand the plea agreement, he agreed to pay that restitution and the amount was actually stated as part of that.
> So if he doesn't want to pay the restitution, we can--then in my view he's violating the plea agreement.
> What's the state's position?
> [PROSECUTOR]: Your Honor, I do know that in e-mail exchanges that I have documentation of, that figure has certainly been discussed and I certainly understand that to be damages sustained by one of the patrol vehicles in the course of this incident.
> And so from the state's perspective it does fall under the restitution statute. And it has been clearly discussed as that figure throughout.
> So, Your Honor, I think . . . Nienburg has already agreed that that is part of the plea agreement. That's my understanding.

In response to the district court's inquiry, defense counsel set forth the general facts leading to the cruiser being damaged and explained that in his view the $1,088.98 amount did not qualify as "restitution" under the general restitution statute, Idaho Code § 19-5304, because the damage to the cruiser did not result from his act of driving under the influence, the only criminal conduct to which Nienburg pleaded guilty. The court responded that the damage "wouldn't have happened but for your client running from the scene and leaving the door open and having been driving under the influence." The following additional colloquy then occurred:

> THE COURT: Here's the problem that you have, [defense counsel]. That argument [that the damage to the cruiser did not qualify as restitution] should have been made before he entered into the agreement.
> [DEFENSE COUNSEL]: Well, I had to check--

3

THE COURT: And I would tell you that the case law is very clear that even if this was not directly related to this DUI, if he agreed to pay it as part of his plea agreement, he can no longer make that argument. You want me to give you the case law on that?

[DEFENSE COUNSEL]: No. I would agree with you on that point.

THE COURT: So is it part of the plea agreement or not? If it's part of the plea agreement, and that's the way it was stated when it was read at the time that I heard it, then if he wants to back out, then he doesn't have a plea agreement. He can't have it both ways. It's a contract.

[DEFENSE COUNSEL]: I know. I would have to trust the court's recollection about what was recited at the time the plea was taken.

. . . .

THE COURT: Well, it says here [in the guilty plea questionnaire] as a result of the plea in your case, have you been advised that you may be required to pay restitution to any victim in this case pursuant to 19-5304. He said yes. If yes, to whom. He wrote Ada County.

[DEFENSE COUNSEL]: OKAY. All right. Looks like it's part of the agreement.

. . . .

THE COURT: That's what I wrote down and that's what my clerk wrote down, that that's what the agreement was. It says--in fact, you stated--I have in here in the minutes, you said he'd plead guilty to Count One, guilty to the Info Part II, 15, four plus eleven, and he would pay restitution not to exceed $1,156.98. That's you, [defense counsel], saying it.

So it's either part of the plea agreement--and if it is, and it seems to me it is, then if he wants to back out--

[DEFENSE COUSEL]: He doesn't want to back out, Your Honor. He'll stand by his plea.

The matter was not discussed further and the district court subsequently signed the State's proposed restitution order. The district court also imposed a unified sentence of fifteen years, with four years fixed. Nienburg appeals, challenging the restitution order and contending that his sentence is excessive.

## II.

## ANALYSIS

A. **Restitution**

When a defendant has been convicted of a crime that resulted in an economic loss to the victim, the trial court may order the defendant to make restitution to the victim, unless such an award is precluded by a plea agreement. I.C. § 19-5304(2). The term "economic loss" includes such things as "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal

conduct." I.C. § 19-5304(1)(a). A "victim" is one who "suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e)(i).

Absent an agreement to the contrary, restitution may be ordered for an economic loss or injury only if there is a causal connection between the conduct for which the defendant was convicted and the loss suffered by the victim. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). Our Supreme Court recently explained that this causation consists of actual cause and proximate cause. *Id.* A "but for" test is used to determine whether an event was an actual cause, while proximate cause deals with whether it was reasonably foreseeable that the loss would flow from the criminal conduct. *Id.* at 602-03, 249 P.3d at 401-02. The proximate cause inquiry requires a court to determine "whether the injury and manner of occurrence are so highly unusual 'that a reasonable person, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur.'" *Id.* at 602, 249 P.3d at 401 (quoting *Cramer v. Slater*, 146 Idaho 868, 875, 204 P.3d 508, 515 (2009)). Thus, when a defendant has been charged with multiple crimes and pleads guilty to part of the charges in exchange for dismissal of the remainder, restitution is not ordinarily awardable for loss or injury actually and proximately caused only by the offenses for which the charges were dismissed. *See State v. Hargis*, 126 Idaho 727, 730, 889 P.2d 1117, 1120 (Ct. App. 1995); *State v. Aubert*, 119 Idaho 868, 870, 811 P.2d 44, 46 (Ct. App. 1991). However, with the consent of the parties, the court may order restitution for economic loss or injury for crimes that were not adjudicated or are not before the court. I.C. § 19-5304(9); *Aubert*, 119 Idaho at 871, 811 P.2d at 47.

When a plea is offered pursuant to a plea agreement, "the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered." I.C.R. 11(f)(2). Full disclosure of the plea agreement on the record is necessary because, among other reasons, "[i]t is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). If a plea agreement has not been reduced to writing, "it is incumbent upon the attorneys to state the agreement in its entirety on the record, and in a clear and coherent manner." *State v. Banuelos*, 124 Idaho 569, 575, 861 P.2d 1234, 1240 (Ct. App. 1993); *State v. Rutherford*, 107 Idaho 910, 914, 693 P.2d 1112, 1116 (Ct. App. 1985).

5

Plea agreements are contractual in nature and generally are examined by courts in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005). "As with other contracts, provisions of plea agreements are occasionally ambiguous; the government 'ordinarily must bear responsibility for any lack of clarity.'" *State v. Peterson*, 148 Idaho 593, 596, 226 P.3d 535, 538 (2010) (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1338 (9th Cir. 1993)). "[A]mbiguities are construed in favor of the defendant. Focusing on the *defendant's* reasonable understanding also reflects the proper constitutional focus on what induced the *defendant* to plead guilty." *Peterson*, 148 Idaho at 596, 226 P.3d at 538 (quoting *De la Fuente*, 8 F.3d at 1337 n.7). *See also State v. Fuhriman*, 137 Idaho 741, 745, 52 P.3d 886, 890 (Ct. App. 2002); *State v. Cole*, 135 Idaho 269, 272, 16 P.3d 945, 948 (Ct. App. 2000). The determination that a plea agreement is ambiguous is a question of law; but, interpretation of an ambiguous term is a question of fact. *State v. Allen*, 143 Idaho 267, 272, 141 P.3d 1136, 1141 (Ct. App. 2006). Factual determinations made by a trial court will not be set aside on review unless they are clearly erroneous. *Peterson*, 148 Idaho at 595, 226 P.3d at 537.

Nienburg asserts that the district court erred in its recollection of the plea agreement presented orally at the change of plea hearing. Nienburg concedes that he is responsible to pay for replacement of the officer's damaged pants,[1] but he argues that he did not agree to pay the entirety of the $1,156.98 amount as restitution, did not agree to pay for damage to the cruiser, did not agree that the cruiser damage was proximately caused by the DUI offense, and did not agree to restitution resulting from the dismissed charge of resisting and obstructing.

The State's position on the meaning of the plea agreement has not been entirely consistent. As the above-quoted dialogue from the sentencing hearing reveals, when the district court initially expressed its understanding of the agreement as one in which Nienburg agreed to pay restitution of approximately $1,156.98, but "he was free to argue for less" the prosecutor agreed with that characterization, thus acknowledging an understanding that, being "free to argue for less," Nienburg had not agreed to the full amount. However, later in the same hearing on further questioning from the court, the prosecutor moved to a contention that Nienburg had

---

[1]     Defense counsel conceded this before the trial court, perhaps reasoning that damage to the pants bore closer proximate causation to Nienburg's DUI than did damage to the police cruiser from a collision with Nienburg's dog after the dog had run some 100 yards from the site of the traffic stop.

agreed to pay that figure. On appeal, the State asserts that Nienburg "unambiguously agreed to pay $1,156.98 in restitution." At oral argument on appeal, the State took the position that none of the claimed restitution was proximately caused by the adjudicated crime of DUI, but rather was all caused by the unadjudicated offense of resisting and obstructing officers. That, the State asserts, was the very reason that the prosecutor obtained an agreement from Nienburg to pay restitution. The State asserts that Nienburg unambiguously agreed to pay this restitution arising from the dismissed charge.

It appears that the district court also was of the view that Nienburg had unambiguously agreed to pay all claimed restitution up to $1,156.98 as a term of the plea agreement and was thus precluded from arguing that the $1,088.98 damage to the cruiser did not qualify as restitution under the provisions of the restitution statute. In so holding, however, the district court, as well as the parties, did not accurately recall the actual restitution term stated at the change of plea hearing--that "restitution is not to exceed $1,156.98." Instead, the court characterized the term as an agreement by Nienburg to pay restitution and, indeed, to pay the full amount claimed by the State even though the court had previously stated that Nienburg had retained the right "to argue for less."

Although we agree with the State and the district court that the plea agreement as stated at Nienburg's change of plea hearing is unambiguous, we do not find within the words of the agreement the meaning ascribed by the State and the district court. The only words relating to restitution were, "Restitution is not to exceed $1,156.98." Those words unambiguously provide that restitution would not be awarded against Nienburg in an amount exceeding $1,156.98. The words of the agreement include no expression of consent by Nienburg to pay *any* amount of restitution or to pay for any specified economic loss. They also do not express any consent by Nienburg to pay for restitution that was not proximately caused by his DUI, the offense to which he pleaded guilty. The stated agreement was a cap on the amount of restitution to which Nienburg could be subjected, and nothing more.

The State would have us read into the agreement words of promise or consent by Nienburg that simply are not there.[2] We may not do so. A recent decision of our Supreme

---

[2]    The statement in Nienburg's guilty plea questionnaire that he was "advised that you may be required to pay restitution to any victim" is an acknowledgement that restitution might be ordered, not that he agreed to pay any amount or any particular loss.

Court, *State v. Gomez*, ___ Idaho ___, ___ P.3d ___ (Mar. 2, 2012), is instructive on this point. In that case, the defendant pleaded guilty to three drug-related felonies. The conditional plea agreement called for specified sentences but did not mention restitution. The defendant was sentenced in accordance with the agreement, and the State thereafter asked for and was awarded more than $129,000 in restitution for work conducted by various law enforcement agencies. On appeal, the defendant asserted that the State's demand for restitution breached the plea agreement because the agreement did not include any provision for restitution. In addressing this issue, the Supreme Court noted that to determine whether a contract, including a plea agreement, is ambiguous, the Court's task "is to ascertain whether the contract is reasonably subject to conflicting interpretation. *Id.* at ___, ___ P.3d at ___ (quoting *Bondy v. Levy*, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992). The Court said that "[i]f the language of the document is unambiguous, given its ordinary and well-understood meaning, we will not look beyond the four corners of the agreement to determine the intent of the parties." *Gomez*, ___ Idaho at ___, ___ P.3d at ___. The Court then concluded that because a plain reading of the written plea agreement showed that restitution was not mentioned, there was no ambiguity, and it could not be interpreted as relieving the defendant from the burden of restitution that otherwise might be imposed under the Idaho statutes. That is, the Court held that in the absence of a term in the plea agreement providing for a different result, the Idaho statutes defining when and in what amount restitution may be awarded will govern. Because the contract was "clear and unambiguous," the Court found it "unnecessary for this Court to analyze any extrinsic evidence or to look at the intent of the parties." *Id.* at ___, ___ P.3d at ___.

Similarly here, except for setting a cap on the amount that may be awarded, the plea agreement did not alter the operation of the Idaho restitution statutes. It did not relieve the State of its burden to prove any amount of restitution claimed, nor did it subject Nienburg to payment of restitution not proximately caused by the offense to which he pleaded guilty.

If the prosecutor here believed that the plea agreement included terms regarding restitution in addition to that which was expressed by defense counsel at the change of plea hearing, it was incumbent upon the prosecutor to assert the additional terms at that time. The Supreme Court addressed this obligation in *Peterson* as follows:

> Following Peterson's counsel's clarifying statement [concerning the plea agreement], the prosecutor stood silent. Based upon the facts of this case, where both the prosecution and defense have assented to entry of the plea agreement

8

contract, and where, immediately following the court's acceptance of the plea agreement, defense counsel proffers a description of the scope of the plea agreement, said description differing from what the prosecutor understands the agreement to encompass, the prosecutor has an affirmative duty to dispute the defendant's representation of the scope of the plea agreement, or to ask for further time to clarify the agreement. Otherwise silence shall be interpreted as acceptance of the stated terms.

*Peterson*, 148 Idaho at 597, 226 P.3d at 539.

We conclude, therefore, that the district court erred in holding that Nienburg would be in breach of the plea agreement if he contested the restitution claimed by the State. This conclusion would ordinarily require that we remand for a restitution hearing at which the State would bear the burden of proving its restitution claim and Nienburg could challenge the claim with evidence and argument. However, admissions made by both parties in this appeal obviate the need for a hearing. First, the State has conceded that *none* of the claimed restitution was proximately caused by Nienburg's DUI, and therefore it possesses no basis for a restitution claim under the unambiguous agreement which merely put a cap on the amount of restitution that could be awarded. On the other hand, Nienburg has admitted that he is obligated to pay restitution for the damaged pants. Based on these concessions, it appears that there are no factual or legal determinations to be made by the trial court, but that an order of restitution should be entered for the amount of $68.

## B.     Sentence

Nienburg also contends that his unified sentence of fifteen years with four years determinate for driving under the influence, with a persistent violator enhancement, is excessive. Sentencing is a matter for the trial court's discretion. In order to prevail on a claim that a sentence represents an abuse of discretion, the defendant must show that in light of the criteria, the sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Small*, 107 Idaho 504, 505, 690 P.2d 1336, 1337 (1984). Where reasonable minds might differ, the discretion vested in the trial court will be respected, and this Court will not supplant the views of the trial court with its own. *Small*, 107 Idaho at 505, 690 P.2d at 1337. In order to prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing. *State v.*

9

*Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we consider the defendant's entire sentence, *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007), and conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).

Nienburg was forty-eight years old at the time of his offense. This is Nienburg's third felony DUI conviction and eighth DUI conviction overall. Nienburg also has convictions for assault, trespass, battery, resisting arrest, possession of drug paraphernalia, providing false information to an officer, failure to appear, driver's license violation, failure to provide proof of insurance (four times), driving on a suspended license (five times), and probation violations (four times). This record shows Nienburg to be exceptionally dangerous to the public because of his proclivity to drink and drive, and he has been undeterred by previous terms of incarceration. Nienburg has not shown that the sentence imposed by the district court in this case is excessive.

## III.

## CONCLUSION

The order of restitution is vacated and the matter remanded to the district court for entry of a restitution order awarding the sum of $68 to the City of Boise. The judgment of conviction and sentence are otherwise affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

10