IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41364

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 515 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WAYNE ALBERT WEBB, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and sentence for misdemeanor battery, affirmed; order of restitution, affirmed.

Stacey DePew, Jerome County Public Defender, Jerome, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Wayne Albert Webb appeals from his judgment of conviction and sentence for misdemeanor battery and from an order of restitution. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

In 2012, Webb's girlfriend (the victim) alleged Webb struck her with a belt, chased her into their driveway, pushed her, punched her, held her head underwater in a ditch, and would not allow her to leave the house after the altercation. She further contended she escaped to her niece's home and called the police. The state charged Webb with second degree kidnapping, aggravated assault, and felony domestic battery. Webb went to trial and a jury acquitted Webb of kidnapping, a lesser-included charge of false imprisonment, and aggravated assault. The jury could not reach a verdict with respect to the charge of felony domestic battery. The district court set a new date for trial on this charge.

Before the second trial, the state and Webb entered into a plea agreement. Webb agreed to enter an *Alford*[1] plea to a reduced charge of misdemeanor battery, I.C. § 18-903. The state agreed to recommend a sentence of 180 days jail, with credit for two days served and the balance to be suspended, a $500 fine, and a probationary term of two years. The district court accepted Webb's plea and ordered Webb to undergo domestic violence and substance abuse evaluations at county expense.

Prior to sentencing, the state filed a restitution request on behalf of the victim for $1,529.46. The request included lost wages and costs incurred travelling to and from court. Webb did not file an objection. At the sentencing hearing, Webb requested that the district court follow the state's recommendation of two years of probation. The district court imposed the recommended sentence and ordered Webb to pay a total of $2,029.46 in restitution. The district court specified that $1,529.46 was for the victim and $500 was for a domestic violence evaluation. In addition, the district court ordered Webb to complete fifty-two weeks in a domestic violence program and follow all other recommendations as contained in the domestic violence evaluation. Webb appeals from his judgment of conviction and sentence and the order of restitution.

## II.

## ANALYSIS

### A.    Sentence Review

Webb argues the district court abused its discretion in ordering him to complete fifty-two weeks of domestic violence courses because this was not necessary to achieve the goals of sentencing. The state responds that this provision squarely addresses rehabilitation and the protection of society and, thus, is an appropriate term of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**B.      Restitution**

Webb argues the district court abused its discretion in requiring him to pay restitution to the victim.  Webb contends there is nothing in the record to indicate why the district court ordered restitution and that restitution for travel to the pretrial hearing and trial would be inappropriate because the jury did not find him guilty of any crimes.  The state responds it can be reasonably inferred that the restitution is for the expenses articulated by the state's request.

The decision whether to order restitution is within the discretion of the trial court, guided by consideration of the factors set forth in Idaho Code § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss.  *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002).  We will not overturn an order of restitution unless an abuse of discretion is shown.  An abuse of discretion may be shown if the order of restitution was the result of arbitrary action rather than logical application of the proper factors in I.C. § 19-5304(7).  *Richmond*, 137 Idaho at 37, 43 P.3d at 796.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In this case, the victim traveled from Deer Park, Washington, to Jerome for pretrial and trial dates.  The state's request for restitution on behalf of the victim articulated it was for lost wages, mileage, meals while travelling, and lodging.  Along with this request, the state submitted documentation from the victim verifying these expenses.  The district court awarded the amount requested by the state for these expenses.  Therefore, substantial evidence supports the district court's award of restitution.

Webb also contends that, because the jury did not find him guilty of any charges in the trial that the victim attended, there is no causal link between the victim's losses and Webb's criminal conduct.  To justify an award of restitution, the state must show a causal relationship between the defendant's criminal conduct and the damages suffered by the victim.  I.C. § 19-

3

5304; *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). This rule flows from the restitution statute itself, where "victim" is defined to include a person who suffers economic loss or injury "as the result of the defendant's criminal conduct," I.C. § 19-5304(1)(e)(i), and "economic loss" is defined to include lost wages "resulting from the criminal conduct," I.C. § 19-5304(1)(a). In determining whether the requisite causal nexus exists, the court is to apply principles from the common law of torts including standards of actual and proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Nienburg*, 153 Idaho 491, 495, 283 P.3d 808, 812 (Ct. App. 2012). Actual cause refers to whether "a particular event produced a particular consequence" and is a "but for" test. *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Proximate cause focuses on the foreseeability of the injury, requiring the court to determine whether the injury was so highly unusual that we can say, as a matter of law, that a reasonable person, making an inventory of the possibilities of harm which such conduct might produce, would not have reasonably expected the injury to occur. *Id.*; *Cramer v. Slater*, 146 Idaho 868, 875, 204 P.3d 508, 515 (2009). This causation must be shown by a preponderance of the evidence. I.C. § 19-5304(6); *Hill*, 154 Idaho at 212, 296 P.3d at 418; *In re Doe*, 146 Idaho 277, 284, 192 P.3d 1101, 1108 (Ct. App. 2008).

Webb's trial involved three charges--kidnapping, aggravated battery, and domestic battery. While the jury acquitted Webb of the first two charges, Webb ultimately pled guilty to a reduced count of misdemeanor battery on the third charge. The victim attended trial with respect to this charge, along with the two Webb was acquitted of. The victim would not have attended the trial but for Webb's criminal conduct. Further, it is foreseeable that, as a result of his criminal conduct, the victim would attend court proceedings and incur travel expenses. Therefore, the district court did not abuse its discretion in awarding restitution to the victim.

## III.

## CONCLUSION

Webb has failed to demonstrate the district court abused its discretion in sentencing him to complete fifty-two weeks of domestic violence courses. Likewise, Webb failed to demonstrate the district court abused its discretion in ordering him to pay restitution to the victim. Accordingly, Webb's judgment of conviction and sentence and the district court's order of restitution are affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**

4