43 P.3d 794

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Seth Lee RICHMOND, Defendant–Appellant.**

No. 27124.

Court of Appeals of Idaho.

March 14, 2002.

Gregory C. Dickison, Latah County Public Defender, Moscow, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

GUTIERREZ, Judge.

Seth Lee Richmond appeals from the district court's order to pay restitution in excess of $1000 imposed after a jury found him guilty of misdemeanor malicious injury to property, I.C. § 18–7001. We affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Early in the morning of May 15, 1999, Richmond, along with a juvenile cohort, vandalized the farm equipment and fields of Jeff Guske. Richmond was charged with felony malicious injury to property for damaging a D4D caterpillar, a John Deere 3020 tractor, and a 1976 Chevrolet grain truck by driving them across planted wheat fields, crashing them into trees, slashing tires, breaking windows, mirrors, headlights and blinkers, and pouring assorted chemicals in the cab of the truck. The case was tried to a jury. At the conclusion of the trial, the jury acquitted Richmond of felony malicious injury to property but found him guilty of the lesser-included misdemeanor offense. The district court subsequently entered an order requiring Richmond to pay restitution in the amount of $8,330 to Guske and $6,498.54 to

Farm Bureau Insurance as a condition of his probation. Richmond appeals, arguing that the district court did not have authority to order him to pay restitution in excess of $1000 for property damage when Richmond was convicted only of misdemeanor malicious injury to property.

## II.

### STANDARD OF REVIEW

The decision whether to order restitution is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19–5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. We will not overturn an order of restitution unless an abuse of discretion is shown. An abuse of discretion may be shown if the order of restitution was the result of arbitrary action rather than logical application of proper factors in I.C. § 19–5304(7). *State v. Bybee,* 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct.App. 1989). In reviewing the trial court's exercise of discretion, this Court must determine whether the trial court: (1) correctly perceived the issue as one involving the exercise of discretion; (2) acted within the outer boundaries of its discretion and consistently with any legal standards applicable to specific choices it had; and (3) reached its decision by an exercise of reason. *State v. Powell,* 125 Idaho 889, 891, 876 P.2d 587, 589 (1994).

## III.

### ANALYSIS

**A. Idaho Code Section 19–5304 Requires Restitution For The Actual Economic Loss Of The Victim**

Richmond argues that the district court had no statutory authority to order restitution in excess of $1000 because he was convicted only of misdemeanor malicious injury to property.[1] It is generally recognized that courts of criminal jurisdiction have no power or authority to direct reparations or restitution to a crime victim in the absence of a statutory provision to such effect. *State v. Aubert,* 119 Idaho 868, 869, 811 P.2d 44, 45 (Ct.App.1991). Idaho's restitution statute provides that a court shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim. I.C. § 19–5304(2). The statute defines "victim" to include a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct, I.C. § 19–5304(1)(e)(i), or a person or entity who suffers economic loss because such person or entity has made payment to or on behalf of a directly injured person pursuant to a contract including, but not limited to, an insurance contract. I.C. § 19–5304(1)(e)(iv). The statute defines "economic loss" as the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses resulting from the criminal conduct. I.C. § 19–5304(1)(a). With regard to the amount of restitution, I.C. § 19–5304(7) provides that a court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. Idaho Code § 19–5304(6) provides that economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator.

In the instant case it is undisputed that Richmond was convicted of the crime of

---

1. Idaho Code § 18–7001 reads:
    Every person who maliciously injures or destroys any real or personal property not his own, or any jointly owned property without permission of the joint owner, or any property belonging to the community of the person's marriage, in cases otherwise than such as are specified in this code, is guilty of a misdemeanor and shall be punishable by imprisonment in the county jail for up to one (1) year or a fine of not more than one thousand dollars ($1,000), or both, unless the damages caused by a violation of this section exceed one thousand dollars ($1,000) in value, in which case such person is guilty of a felony, and shall be punishable by imprisonment in the state prison for not less than one (1) year nor more than five (5) years, and may be fined not more than one thousand dollars ($1,000), or by both such fine and imprisonment.

misdemeanor malicious injury to property. The criminal information listed Guske as the victim of Richmond's crime. The district court determined that the crime committed by Richmond and his cohort caused Guske and Farm Bureau Insurance economic losses totaling $14,828.54. Richmond has not provided this Court with a record of any restitution evidentiary hearings or documentation that formed the basis of the district court's order. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991). Therefore, we presume that the district court did not err in determining, based upon the preponderance of evidence submitted, that Guske and Farm Bureau Insurance suffered the aforementioned economic damages. From our review of the record, we are convinced that the district court properly exercised its discretion under I.C. § 19–5304 to order Richmond to pay restitution to Guske and Farm Bureau Insurance.

### B. *State v. Aubert* Does Not Require Deviation From The Mandate Of Idaho Code Section § 19–5304 To Order Restitution In The Amount of Actual Economic Loss Suffered By The Victim

Richmond argues that this Court's prior holding in *Aubert* stands for the proposition that the district court could not order restitution in excess of $1000 when he was only convicted of misdemeanor malicious injury to property. Richmond's argument hinges on the *Aubert* Court's referencing and emphasizing the statutory language "criminal conduct" or "offense." Richmond contends that since the jury found that he had caused less than $1000 in property damages it was improper for the district court to order restitution in excess of that amount. We disagree

and hold that the district court in the instant case interpreted *Aubert* correctly. In *Aubert*, the defendant was charged with, and convicted of embezzling approximately $15,500. The district court, however, ordered Aubert to pay restitution of approximately $175,000 for other uncharged acts of embezzlement and misappropriation committed over several months. This Court held the restitution order was in error, stating, "A reasonable reading of I.C. § 19–5304, coupled with the reasoning expressed in *Hughey*,[2] shows that a restitution order must be limited to the crime or counts to which a defendant pled guilty or on which he was convicted." 119 Idaho at 870, 811 P.2d at 46 (footnote added). In other words, the defendant could not be required to pay restitution for damages stemming from separate, uncharged and unproven crimes, a situation which is not present in the case before us. Thus, *Aubert's* holding is inapplicable.

In the instant case, the district court determined in ordering restitution that based upon the evidence presented, the actual economic loss caused by Richmond's misdemeanor malicious injury to property was in excess of $1000. In making its decision, the district court explained:

> I think given the legislature's preference to making victims of crimes whole and the fact that the statute says it can be proven by a preponderance of the evidence as opposed to beyond a reasonable doubt, I think there is a basis to impose restitution in an amount greater than the statutory amount for the crime itself.

We agree with the district court's reasoning. It is often stated that the policy behind our restitution statute favors full compensation to crime victims who suffer economic loss. *See Bybee*, 115 Idaho at 543, 768 P.2d at 806. By establishing that economic losses are to be determined by a civil preponderance of the evidence standard, I.C. § 19–5304(6), the legislature clearly intended to allow trial courts in a criminal case to resolve the restitution question, thus freeing the

---

**2.** In *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) the U.S. Supreme Court held that, under federal statutes, a restitution order may encompass only those amounts included in counts to which the defendant pled guilty or on which the defendant was convicted.

crime victim of the burden of instituting a civil action based on the same conduct, and our court system from unnecessary, repetitive trials. *See State v. Terpstra,* 546 N.W.2d 280 (Minn., 1996.) Furthermore, we are not persuaded that the legislature intended, when it enacted I.C. § 19–5304, to create exceptions for those crimes that designate monetary amounts in their defining elements, i.e., grand theft, petty theft, and the two grades of malicious injury to property. Rather, the statute clearly intends for full restitution to be ordered on economic loss from one's criminal conduct or criminal act. Therefore, we conclude that the district court correctly perceived the award of restitution as one of discretion and acted consistently with legal standards in ordering Richmond to pay restitution in excess of $1000 upon his conviction of misdemeanor malicious injury to property.

## IV.

## CONCLUSION

Accordingly, the district court's order requiring Richmond to pay restitution in the amount of $8,330 to Guske and $6,498.54 to Farm Bureau Insurance is affirmed.

Chief Judge PERRY and Judge Pro Tem WESTON concur.