IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43578

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 605 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SEAN DANIEL CARNELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order on restitution and judgment, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Sean Daniel Carnell appeals from the district court's order requiring him to pay restitution to an insurance company arguing that, despite the plain language of the statute, an insurance company is not a "victim" within the meaning of the statute. We affirm the district court's order on restitution.

I.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following his guilty pleas, Carnell was convicted of robbery, aggravated battery, first degree arson, battery with the intent to commit a serious felony, and aggravated assault. The district court imposed sentences of twenty-five years, with ten years fixed; fifteen years determinate; twenty-five years, with five years determinate; twenty years, with fifteen years determinate; and five years determinate, respectively. Carnell appealed, asserting these

1

sentences were excessive.  In an unpublished opinion, the Court of Appeals affirmed.  *See State v. Carnell*, Docket No. 42400 (Ct. App. April 27, 2015).

At the sentencing hearing, the State requested approximately $138,000 in restitution; the court left restitution open for thirty days.  Carnell did not object to the amount of restitution, only that restitution was to be paid to an insurance company.  The State argued that the insurance companies qualified as victims pursuant to Idaho Code § 19-5304.  The district court issued an order for restitution and judgment, ordering Carnell to pay $138,000 to the insurance companies.  Carnell appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime.  The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7), and by the policy favoring full compensation to crime victims who suffer economic loss.  *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989).  Thus, we will not overturn an order of restitution unless an abuse of discretion is shown.  *Richmond*, 137 Idaho at 37, 43 P.3d at 796.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

In this case, the district court did not abuse its discretion in awarding restitution to the insurance company.  Idaho Code Section 19-5304(1)(e)(iv) unambiguously includes in the definition of victim any person or entity who suffers economic loss because such person or entity has made payments to or on behalf of a directly injured victim pursuant to a contract.  A plain reading therefore includes third parties who incurred a loss pursuant to a contractual obligation to

make payments to or on behalf of a directly injured victim. Without such a contractual obligation, the third party is not a victim as defined in I.C. § 19-5304(1)(e)(iv). Such third-party victims could include insurance companies or any other party that makes payments to or on behalf of the directly injured victim pursuant to a contract. *State v. Cheeney*, 144 Idaho 294, 297, 160 P.3d 451, 454 (Ct. App. 2007). Moreover, this Court has relied on I.C. § 19-5304(1)(e)(iv) to hold that insurance companies that paid benefits for damage inflicted by a defendant's criminal actions were victims entitled to recover their economic loss. *Cheeney*, 144 Idaho at 297, 160 P.3d at 454 (citing *State v. Taie*, 138 Idaho, 878, 879, 71 P.3d 477, 478 (Ct. App. 2003)).

Here, the district court recognized this decision was a matter of discretion, and the decision is consistent with the applicable legal standards. The district court determined the insurance company was a victim entitled to compensation because it suffered economic loss when it paid benefits to the victims of Carnell's actions. Thus, the district court's decision is consistent with the policy of the restitution statute to make the victim whole. The district court's order granting restitution is affirmed.

## IV.
## CONCLUSION

The district court correctly concluded the insurance company was properly defined as a victim pursuant to I.C. § 19-5304. We affirm the district court's order on restitution and judgment.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

3