IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43889

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 796 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 29, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD ERNEST ANDERSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Richard Ernest Andersen appeals from the district court's order awarding restitution, arguing the district court abused its discretion when it failed to give proper weight to Andersen's current inability to pay restitution and his future limited earning ability. The State argues even though Andersen may never have the financial ability to fully repay the restitution amount, the district court's order of restitution does not amount to an abuse of discretion. We affirm the district court's order of restitution.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Andersen with felony battery on a police officer, Idaho Code Sections 18-915(3), -903(a), and the following misdemeanors: malicious injury to property, I.C. § 18-7001(1), and two counts of battery, I.C. § 18-903(a). Andersen pleaded guilty to battery on a police officer, malicious injury to property, and one count of battery. The second charge of

battery was dismissed. For battery on a police officer, the district court sentenced Andersen to a unified sentence of five years, with two years determinate. The district court suspended the sentence and placed Andersen on probation. For malicious injury to property and battery, the district court sentenced Andersen to seventeen days of jail for each count, with credit for time already served.

The State filed a motion for restitution requesting $53,786.21 of restitution: $53,715.51 for the City of Boise; and $70.70 for the Boise City Police Department. The only witness at the restitution hearing was a senior claims adjuster for Intermountain Claims, Inc.[1] He testified that State's Exhibit 1 represented all reimbursements made to providers for expenses related to the officer's injuries. Based on the amount set forth in State's Exhibit 1, the State requested the district court order $50,705.91 in restitution. Andersen's trial counsel argued, "the State's [sic] failed to meet its burden in asking for restitution of this type, because it can't establish that casual [sic] connection between criminal conduct and the economic loss." Andersen's trial counsel also argued that "the State's claim for this amount of restitution will financially ruin Mr. Andersen's life" because Andersen is only twenty-one years old, he has a young daughter, he is not employed, he is not likely to be employed, and he has no marketable skills.

The district court recognized that:

> Andersen's current financial resources and earning ability are minimal. Andersen has a 10th grade education, and had Individual Education Plans throughout his schooling. Andersen has almost no work experience. Andersen lives with his parents and does not pay rent. Andersen is the father of a four month old daughter, who along with her mother, Andersen's girlfriend, lives with Andersen in Andersen's mother's residence . . . .

Although Andersen argued the requested restitution amount was undesirable and inappropriate because he did not have the requisite culpable mental state during the incident and the amount of restitution would financially ruin his life, the district court found:

> Andersen's conduct was purposeful and directed at the officer. Andersen may not recall what he did, or why he did it, but it is clear that Andersen decided to fight the officer and resist. Andersen had the ability to control his physical actions and he chose to engage in criminal conduct that resulted in injury.

The district court ordered Andersen to pay $50,705.91 in restitution stating:

---

[1] Intermountain Claims, Inc. is the workers' compensation third-party administrator for the City of Boise. As a self-insured employer, Boise City is required to have a third-party administrator handle their workers' compensation claims.

As an exercise of discretion, the Court does not determine an order of restitution would be inappropriate or undesirable. For that reason, the Court will order restitution as requested. In so doing, the Court is fully aware it is unlikely that Andersen will ever pay the restitution in full. At the same time, the Court also considered and hopes that Andersen's future ability to pay may improve.

Andersen timely appeals.

## II.

### STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

### ANALYSIS

Andersen argues the district court erred in ordering restitution in the amount of $50,705.91 because it did not adequately consider his current and future inability to pay restitution.[2] Andersen argues he does not have the current ability to pay restitution because he lacks the education and work experience to earn the requisite income to pay the restitution. Andersen further argues he does not have the future ability to pay restitution because unlike the defendant in *Bybee*, who possessed some business acumen, Andersen has no such skills. The

---

[2] Although in the district court Andersen challenged the order of restitution based on his belief the State had not established a causal connection between Andersen's actions and the resulting injuries, Andersen does not raise that issue on appeal.

State argues that under *Bybee*, even though Andersen may never have the financial ability to fully repay the restitution amount, this does not amount to an abuse of discretion.

Idaho Code Section 19-5304(7) states:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

A defendant's inability to pay neither precludes nor limits a restitution award, but is one factor, among others, when a court makes a discretionary restitution determination. *State v. Taie*, 138 Idaho 878, 880, 71 P.3d 477, 479 (Ct. App. 2003). In *Bybee*, this Court upheld a $1,500,035 restitution award even though the defendant was sixty-one years old, had no assets, and was incarcerated under an indeterminate fourteen-year sentence, noting that Bybee had the business acumen to earn money for restitution upon his release from incarceration. *Bybee*, 115 Idaho at 543, 768 P.2d at 806. The Court reasoned:

> [T]he immediate inability to pay restitution would not, in and of itself, bar the court from ordering restitution. I.C. § 19-5304(7). The court may order restitution in contemplation of a future ability to pay, thereby saving the victims the cost and inconvenience of a separate civil proceeding.
>
> Given the magnitude of the amounts involved here, we believe it unlikely that Bybee will ever meet the full amount of restitution ordered. But, in the event Bybee is able to obtain some assets, the victims should have ready access to the assets for satisfaction of their losses. The order of restitution will provide the essential avenue of relief to the victims.

*Id.* Furthermore, the Court held: "the order simply gives the victims the present ability to obtain a judgment" because the restitution order did not require Bybee to make installment payments and did not require restitution be paid by a set deadline. *Id.*

Here, the district court's memorandum order cites the applicable factors for determining whether to order restitution. Like the situation in *Bybee*, the district court recognized that it was unlikely Andersen would be able to pay the full amount of restitution because Andersen only had a tenth-grade education, had individual education plans throughout his schooling, had almost no work experience, lived with his parents and did not pay rent, and is the father of a young daughter. Andersen asserted that unlike Bybee, he has no business acumen. However, like the restitution order in *Bybee*, the restitution order in this case does not require Andersen to make installment payments nor does it require Andersen to pay restitution in full by a set deadline; the

4

order simply gives the victims the present ability to obtain a judgment. In the event Andersen is able to obtain some assets, the victims should have ready access to those assets for satisfaction for their losses. Therefore, the district court did not abuse its discretion in ordering restitution.

## IV.

## CONCLUSION

The district court did not abuse its discretion in ordering $50,705.91 of restitution. The district court's order of restitution is, therefore, affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.