IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 43809/43810

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 369 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 16, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CODY MICHAEL PHELPS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Appeal in Docket No. 43809 for possession of methamphetamine, <u>dismissed</u>. Judgment of conviction and sentence for burglary in Docket No. 43810, <u>reversed</u>; order of restitution, <u>reversed</u>; case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Cody Michael Phelps appeals from both his judgment of conviction entered by the district court sentencing him to a unified term of ten years, with two years determinate, and the district court's order of restitution. Phelps specifically argues the district court erred in ordering restitution because the State did not meet its burden of proving the restitution amount by a preponderance of the evidence. Additionally, Phelps maintains the district court erred in considering the restitution amount when it sentenced Phelps to a unified term of ten years, with two years determinate. For the reasons explained below, we reverse and remand.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Phelps pled guilty to possession of methamphetamine in Case No. CR-2011-7192 (Docket No. 43809), and the district court placed Phelps on probation.[1]  Phelps admitted to violating his probation terms by committing burglary in July 2015, to which he pled guilty in Case No. 2015-10381 (Docket No. 43810).  Specifically, Phelps stole silver bars and silver half-dollar coins from the victim's home.  The district court continued Phelps's probation but Phelps again violated his probation terms.

The district court consequently revoked Phelps's probation and, for purposes of sentencing, consolidated the methamphetamine case and the burglary case.  In the methamphetamine case, the district court executed Phelps's unified five-year sentence, with two years determinate, and ordered it to be served concurrently with the sentence imposed in the burglary case.  In the burglary case, the district court sentenced Phelps to a unified term of ten years, with two years determinate.  Moreover, the district court ordered Phelps pay $13,107.78 in restitution.  In explaining the sentence imposed, the district court noted:

> [R]egardless of what restitution I determine in the case, I'll simply ask the Parole Board again to monitor those payments so that you can get that all taken care of.  And, quite frankly, that's why . . . there is a longer indeterminate sentence in this case, so you can get that stuff taken care of; okay?

Phelps objected to the restitution amount, and the district court scheduled a restitution hearing.

At the restitution hearing, the victim testified that Phelps stole 19 silver bars and 760 silver half-dollar coins.  One silver bar and sixty of the half-dollar coins were retrieved and returned to the victim.  The State provided an invoice for the silver bars, noting that in January 2014 the victim purchased the eighteen silver bars for $245.21 each, totaling $4,413.78.  The State provided a second invoice, indicating the victim purchased 700 silver half-dollar coins in December 2013 for $12.42 each, totaling $8,694.00.  The grand total added up to $13,107.78.  On cross-examination, the victim admitted that on the date of the burglary in July 2015, the value of the silver bars and coins "was less than what [he] paid for it.  Because the value went down on

---

[1]     The State requests dismissal of the appeal in the methamphetamine case because Phelps does not raise any issues as to that case.  Instead, Phelps raises issues concerning the restitution award and the unified sentence arising from the burglary case.  Accordingly, we dismiss Phelps's appeal of the methamphetamine case.

silver." When asked what exactly the value of the silver bars and coins was on the date they were stolen, the victim explained he did not know but that he purchased the silver as a "long-time investment" and he "bought them because [he] expect[s] the silver value to go up."

Phelps argued the value of the stolen property should be calculated based on the value of silver on the date the silver was stolen in July 2015, rather than what the victim paid for the silver in December 2013 and January 2014. Because the State did not provide evidence on the value of the silver at the time it was stolen, Phelps maintained the State did not meet its burden of proof to support the restitution award.

The district court considered the only evidence presented at the restitution hearing--the invoices and the victim's testimony regarding the purchase price of the silver. The district court noted the victim's loss was substantial--more than $13,000--and that the victim purchased the silver as an investment in the hopes its value would increase over time. Following the hearing, the district court again issued an order of restitution in the amount of $13,107.78. Phelps timely appeals from the district court's sentence and restitution order.

## II.

## ANALYSIS

Phelps argues the district court erred in ordering restitution because the State did not meet its burden of proving the restitution amount. Idaho Code § 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). The trial court is directed by statute to base the amount of economic loss to be awarded upon the preponderance of evidence submitted to the trial court by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). We will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its

3

decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Phelps specifically contends the State did not provide any evidence regarding the market value of the silver at the time and place of the burglary or the replacement cost of the silver. Turning to the specific language within the restitution statute, economic loss "includes, but is not limited to, the value of property taken . . . and direct out-of-pocket losses or expenses . . . ." I.C. § 19-5304(1)(a). Value means "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." I.C. §§ 19-5304(1)(c), 18-2402(11)(a). Generally, the "market value" of consumer goods is the reasonable price at which the owner would hold those goods out for sale to the general public, as opposed to the "cost of replacement" which would be the cost for the owner to reacquire the same goods. *State v. Smith*, 144 Idaho 687, 693, 169 P.3d 275, 281 (Ct. App. 2007).

The State argues the district court's restitution award correctly reflects the economic loss the victim suffered--the amount the victim paid for the silver--because, without that silver, he can never recover that amount. The State maintains the original purchase price of the silver is a reasonable price at which the victim could hold those items out for sale to the general public.[2] However, the State ignores pertinent language from the statute--the value of the property must be the market value of the property *at the time and place of the crime*. And although the State is correct that the economic loss is not limited to the value of the property taken, the State represented that it provided the district court and Phelps with "two different invoices for different amounts of the silver bars and Kennedy half dollars. We have given those totals as to their *value*, and then a grand total . . . ." (Emphasis added.) Moreover, the State asked the victim what the *value* of the silver was when he paid for the silver. Effectively, the State purported the purchase price to be the value of the silver. But as discussed, the relevant value of the silver is the market value at the time the silver was stolen. The State did not present evidence as to this value, nor did the State present evidence of direct out-of-pocket losses or expenses. The State

---

[2] On appeal, the State argues that the silver bars had been under water since World War II, and the Kennedy half dollars were 1964 uncirculated coins; and thus, both have historical significance. Therefore, according to the State, the purchase price represents the true value. This is not supported by the record. In fact, the victim tied the value of both to the market price of silver.

also did not present evidence as to the cost of replacement of the silver within a reasonable time after the burglary. Thus, the State was unable to meet its burden of proving the restitution amount. Accordingly, the district court erred by ordering Phelps to pay $13,107.78 in restitution. We remand to the district court to recalculate the award.

Phelps further argues the district court abused its discretion by sentencing Phelps to a unified term of ten years, with two years determinate, because the sentence imposed was tied directly to the erroneous restitution award. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). Because we remand on the restitution issue, we also remand for sentencing so the district court may review its consideration of restitution for sentencing purposes.

### III.
### CONCLUSION

The district court erred in ordering Phelps to pay restitution because the State did not meet its burden of proving the restitution amount. We therefore reverse the order of restitution and judgment of conviction and sentence for burglary. We remand for a recalculation of restitution and sentencing.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

5