# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46546

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 18, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PAUL CHRISTOPHER BEST, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Order of restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Paul Christopher Best appeals from the district court's order of restitution. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Best was charged with burglary and grand theft of a firearm after stealing numerous items, including firearms and ammunition, from a residence. Best pled guilty to burglary, Idaho Code § 18-1401, in exchange for the State agreeing to dismiss the grand theft charge. After sentencing, the State submitted a memorandum requesting restitution, including $1300 in restitution for an AR15 rifle that Best stole from the residence's owner.

The district court held an evidentiary hearing at which the owner and his wife testified about the AR15. The owner testified that he purchased the AR15 new in about 2009 for $1300; he believed it was a Smith and Wesson; he added a laser sight to it; and it was in "near perfect"

1

condition and had not been shot very much. The owner's wife testified that she researched on the Internet what it would cost to replace the AR15. To do so, she showed pictures of AR15s to her son and her husband to determine which AR15 looked most like the one Best stole. Through this process, she identified a new Smith and Wesson AR15, which looked like the stolen AR15 and which was priced at $1479. Best's counsel did not call any witnesses to counter this testimony but instead argued that the victims were not entitled to $1300 for the AR15; Best sold it after he stole it for $600; and Best's counsel spoke to someone working at a well-known gun retailer the day before the restitution hearing and learned that a new Smith and Wesson AR15 costs between $600 and $700 and a used one costs about $300.

At the conclusion of the hearing, the district court ruled that the value of the AR15 for purposes of restitution was $1300 and entered an order of restitution. Best timely appeals, arguing the district court abused its discretion by awarding this amount in restitution for the AR15.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution and in what amount is within the trial court's discretion, guided by consideration of the factors in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). We will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Best argues the district court's award of $1300 is not based on substantial, competent evidence because the State failed to establish a current market value for the gun. Specifically, Best argues that "a rifle nearly ten years old is not worth the same as one purchased brand new off the showroom floor" and that the court's valuation of the AR15 was not based on the evidence but rather the court's "best guess."

Restitution may only be awarded for the victim's actual economic loss. I.C. § 19-5304(1)(a), (2). "Economic loss" includes, but is not limited to the value of property taken. I.C. § 19-5304(1)(a). For purposes of determining restitution, the value of property is defined as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable period of time after the crime." I.C. § 18-2402(11)(a); *see also* I.C. § 19-5304(1)(c) (noting "value" defined by I.C. § 18-2402(11)). "[T]he 'market value' of consumer goods is the reasonable price at which the owner would hold those goods out for sale to the general public." *State v. Smith*, 144 Idaho 687, 693, 169 P.3d 275, 281 (Ct. App. 2007). The cost of replacement is "the cost for the owner to reacquire the same goods." *Id.* "The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence." *Id.* at 692, 169 P.3d at 280.

In determining that the AR15's value was $1300, the court relied primarily on the testimony of the owner's wife, stating:

> I'm most impressed, though, with [the owner's wife]--what appears to be her due diligence in terms of trying to talk with her husband and her son and to look at photographs to get an idea of what the precise weapon was, and then to make some research into what the valuation of their stolen weapon was. And the testimony that she came up with was 1470-something dollars, which certainly exceeds the $1300 that was requested here.
>
> I haven't received any testimony of any great reliability that the defense has offered to counter that, and so I'm prepared to accept that that is valid testimony as to the value that [Best] would be obligated under a restitution order.

The court rejected as unreliable the information Best's counsel provided about the AR15's value, which included Best's receipt of $600 for the stolen AR15 and counsel's notes from her conversation with someone at a well-known gun retailer about the value of AR15s. The court

3

found that this latter information was not "legitimate evidence" and that the $600 which Best received for the AR15 was a "discounted value" because he was selling stolen property.

Based on this record, we cannot conclude the district court abused its discretion in awarding $1300 in restitution for the AR15. Contrary to Best's argument, the court neither guessed at the AR15's value nor awarded an amount equal to the cost of a "brand new" AR15. Rather, the court based its determination of the AR15's value on the witnesses' testimony, which it found to be credible. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, or the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). Accordingly, we hold that substantial evidence supports the district court's order of restitution.

## IV.

## CONCLUSION

Best failed to show the district court abused its discretion by awarding $1300 in restitution for the AR15. We affirm the district court's order of restitution.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

4