## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47554

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 12, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JUSTIN EARL CLAYBORN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan Brody, District Judge.

Orders for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Justin Earl Clayborn appeals from the district court's orders for restitution. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, Clayborn engaged law enforcement in a high-speed chase spanning Minidoka, Cassia, and Power Counties. After police officers performed five pursuit intervention technique (PIT) maneuvers, Clayborn was eventually apprehended when his vehicle collided with a police vehicle. During the chase, Clayborn damaged three police vehicles and a building and also injured a police officer. As a result of this incident, the State charged Clayborn with eluding a peace officer, Idaho Code § 49-1404(2)(a)-(c), and aggravated battery on law enforcement personnel, I.C. §§ 18-915(1), 18-907(1)(b). Further, the State alleged Clayborn was

1

a persistent violator, I.C. § 19-2514. Clayborn pled guilty to felony eluding and admitted to being a persistent violator; in exchange, the State dismissed the remaining charge.

At the sentencing hearing in June 2019, the prosecutor indicated the State would request $49,792.38 in restitution. The district court continued sentencing, and at the subsequent sentencing hearing in July 2019, the court inquired about the status of restitution. Clayborn's counsel responded that "it's my understanding that, other than perhaps a deductible, the defendant's insurance paid restitution. I don't know if there's some outstanding amount, but it's supposed to pick up the bill." The prosecutor replied that he was unaware of any insurance payment but would "follow up," and the court ordered the restitution issue to remain open for ninety days.

Thereafter, in October 2019, the district court held a restitution hearing. At that hearing, the parties informed the court that Clayborn had stipulated to restitution. Specifically, the prosecutor stated:

> Your Honor, [Clayborn] is going to stipulate to the amounts. The issue was that the insurance--his insurance company came back and denied the claim. I believe that they likely will be on the hook eventually, but [Clayborn] will need to fight that to the insurance company, but the actual amounts will be stipulated to.

Further, the prosecutor stated that the total restitution was $46,843.01; he would submit a proposed order itemizing all the restitution; and Clayborn's counsel could object to the proposed order. Clayborn's counsel did not object to this manner of proceeding and also indicated Clayborn stipulated to restitution, stating:

> Well, Your Honor, our position is that, once again, the insurance company should have paid a number of the parties and so forth, from our perspective is irrelevant. So we'll be stipulating to the entry of the amount, and then [Clayborn] is going to be filing suit against the insurance company.

After the restitution hearing, the parties entered into five separate written stipulations for restitution in the following amounts: (1) $1,450.91 payable to the Idaho State Insurance Fund on behalf of Lieutenant Kingdig; (2) $38,417.19 payable to Idaho Counties Risk Management Program (ICRMP) on behalf of Minidoka County; (3) $1,000 payable to the Minidoka County Sheriff's Office; (4) $6,975 payable to ICRMP on behalf of the city of Pocatello; and (5) $2,500 payable to the city of Pocatello--for a total restitution amount of $50,343.10. Based on these stipulations, the district court entered five restitution orders in the amounts to which Clayborn stipulated. Clayborn timely appeals the restitution orders.

2

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order for restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Clayborn asserts the district court abused its discretion when ordering restitution. The State contends Clayborn waived any error under the invited error doctrine by stipulating to the amounts awarded in the restitution orders. We agree with the State.

The doctrine of invited error applies to estop a party from asserting an error when his own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Although mindful of the invited error doctrine, Clayborn asserts the district court abused its discretion "by ordering him to pay the full amount of restitution." In support, he argues that "despite the stipulation, the district court should have ordered a lesser amount because [his]

3

insurance company denied his claim," and as a result, he will have to file a lawsuit against his insurance company "for reimbursement."

Clayborn, however, never asked the district court to award a lesser amount of restitution. Instead, he stipulated at the restitution hearing to paying the State's restitution request in the amount of $46,843.01. Then, despite the opportunity to object to the State's specific restitution requests totaling $50,343.10, Clayborn stipulated to these requests in writing. As a result, the invited error doctrine precludes Clayborn from challenging the district court's restitution orders. *See id.* ("A defendant may not request a particular ruling by the trial court and later argue on appeal that the ruling was erroneous."). Moreover, Clayborn knew by the time of the restitution hearing and before he stipulated to paying restitution that his insurance company had denied his claim for coverage of the damage he caused. Accordingly, that denial cannot be the basis for any purported error by the district court in ordering restitution.

## IV.

## CONCLUSION

Because Clayborn stipulated to the restitution amounts the district court awarded, the invited error doctrine precludes him from challenging the court's restitution orders on appeal, and we affirm those orders.

Judge GRATTON and Judge LORELLO **CONCUR**.

4