# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48023

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: December 14, 2021 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JESSIE DON ADAMS, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer Jensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Jessie Don Adams appeals from the district court's order to pay restitution in excess of $999.99 imposed after a jury found him guilty of misdemeanor petit theft. Adams argues the district court abused its discretion by ordering restitution in excess of the statutory amount for petit theft. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Adams was charged with two counts of grand theft. In Count I, the State alleged that Adams cashed checks written to his employer and took the money for himself. In Count II, the State alleged Adams made unauthorized charges to the employer's bank account using a company debit card. Adams pleaded not guilty and the case proceeded to trial. The jury found Adams guilty

1

of Count I, grand theft. The jury acquitted Adams of Count II, but found him guilty of the lesser-included offense of petit theft.

During the subsequent restitution proceedings, the State requested $10,185.54 in restitution for the stolen checks; Adams did not object, and the district court ordered restitution in the amount of $10,185.54 for Count I. The State also requested $15,053.49 in restitution for Count II. Adams did not dispute the individual amounts or the total. Instead, Adams argued that because the jury found him guilty of misdemeanor petit theft, the district court could only order up to $999.99, the amount associated with the statutory delineation between grand theft and petit theft. The district court rejected Adams' argument, finding that the amount of restitution awarded is not limited by the statutorily defined monetary limits of the crime but rather, by the amount of economic loss suffered by the victim. The district court ordered restitution in the amount of $10,185.54 for the stolen checks and $15,053.49 for the total amount charged to the company account, for a total of $25,239.03. Adams timely appealed.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Idaho appellate courts will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

On appeal, Adams argues the district court abused its discretion when it ordered Adams to pay $15,053.49 in restitution stemming from his unauthorized charges to the company bank account. Adams asserts that because he was found not guilty of grand theft related to the charges to the company account and instead was found guilty of petit theft, the district court did not have the authority to order restitution in an amount greater than $999.99. Recognizing that *Richmond* addressed this precise issue, Adams argues *Richmond* was wrongly decided because the Court of Appeals incorrectly relied upon "its perception of the legislature's intent, rather than the plain language contained in the restitution statute." The State asserts *Richmond* was correctly decided and the district court had the authority to order restitution for the full economic loss of Adams' crime. We hold that *Richmond* was not wrongly decided and controls the outcome here.

In this case, Adams makes the same arguments that were rejected in *Richmond*. There, Richmond was charged with felony malicious injury to property; he was acquitted of the felony charge, but convicted of the lesser-included charge of misdemeanor injury to property. *Richmond*, 137 Idaho at 36, 43 P.3d at 795. The district court ordered approximately $15,000.00 in restitution. *Id*. Richmond appealed, arguing that because he was acquitted of the felony charge, the district court could not order restitution in excess of $1,000.00--the statutory amount separating the misdemeanor from the felony charge. *Id*. at 37, 43 P.3d at 796. This Court rejected that argument. First, the Court looked to the plain language of the statute defining the terms "victim" and "economic loss." *Id.* Because Richmond did not provide a sufficient record to challenge the amount of restitution, the Court held that the district court did not err in determining the amount of economic loss or that the parties were victims as defined by I.C. § 19-5304(1). *Id*. at 37-38, 43 P.3d at 796-97.

The Court next analyzed whether the "mandate" of I.C. § 19-5304 to order restitution in the amount of actual economic loss was limited by the statutory monetary elements that distinguish whether the crime is a felony or misdemeanor. *Id*. at 38-39, 43 P.3d at 797-98. The Court looked to the plain language of I.C. § 19-5304(6) and (7) to ultimately hold the statute requires restitution for the actual economic loss of the victim, regardless of whether the crime is a felony or misdemeanor. *Id*. at 37-39, 43 P.3d at 796-98. The Court noted that the district court ordered

3

restitution based on the actual economic loss of the victim, which was in excess of $1,000.00. *Id.* at 38, 43 P.3d at 797. The Court reasoned:

> By establishing that economic losses are to be determined by a civil preponderance of the evidence standard, I.C. § 19-5304(6), the legislature clearly intended to allow trial courts in a criminal case to resolve the restitution question, thus freeing the crime victim of the burden of instituting a civil action based on the same conduct, and our court system from unnecessary, repetitive trials.

*Id.* at 38-39, 43 P.3d at 797-98. The Court held that because Richmond's actions caused economic loss greater than $1,000.00, Richmond was required to pay restitution for the actual economic loss caused by his conduct. *Id.* at 39, 43 P.3d at 798.

> Adams takes issue with the Court's statement:

> Furthermore, we are not persuaded that the legislature intended, when it enacted I.C. § 19-5304, to create exceptions for those crimes that designate monetary amounts in their defining elements, i.e., grand theft, petty [sic] theft, and the two grades of malicious injury to property. Rather, the statute clearly intends for full restitution to be ordered on economic loss from one's criminal conduct or criminal act.

*Id.* at 39, 43 P.3d at 798. Adams cites *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 892-93, 265 P.3d 502, 505-06 (2011) to support his argument that the *Richmond* Court improperly looked to the legislative intent rather than the plain meaning of the statute to justify its conclusion. We are not persuaded. It is true that *Verska* held, in part, that "The asserted purpose for enacting the legislation cannot modify its plain meaning." *Id.* However, the *Richmond* Court did not use legislative intent to modify the plain language of the statute. Instead, the Court reviewed the statute and concluded the plain language of the statute authorizes courts to order restitution in the amount of the actual economic loss suffered by the victim. *Richmond*, 137 Idaho at 39, 43 P.3d at 798. The Court then noted its conclusion was consistent with the legislative intent of making victims whole. *Id.*

The Court's conclusion in *Richmond* rested upon a finding that the plain language of the statute requires restitution for the actual economic loss suffered by the victim regardless of the crime of conviction. Thus, the holding in *Richmond* is consistent with the plain language of the statute and the Supreme Court's policy behind statutory interpretation: "to derive the intent of the legislative body that adopted the act." *State v. Foeller*, 168 Idaho 884, 890, 489 P.3d 795, 801 (2021). Consequently, *Richmond* was not wrongly decided and controls the outcome in this case.

That Adams was guilty of petit theft and not grand theft did not limit the district court's exercise of its discretion to order restitution for the full economic loss causally related to Adams' theft.

Adams also contends that this Court's holdings in *State v. Schultz*, 148 Idaho 884, 231 P.3d 529 (Ct. App. 2008) and *State v. Aubert*, 119 Idaho 868, 811 P.2d 44 (Ct. App. 1991) preclude the district court from ordering Adams to pay restitution for the full economic loss resulting from his unauthorized charges to the company account. As the *Richmond* Court considered and distinguished *Aubert*, we need not address it here.

In *Schultz*, the State charged the defendant with grand theft by exercising unauthorized control and/or making unauthorized transfers on the victim's credit card accounts and/or bank accounts in an amount exceeding $1,000.00. *Schultz*, 148 Idaho at 885, 231 P.3d at 530. At trial, the State presented evidence showing the defendant made unauthorized transactions on the victim's bank card, and the jury found the defendant guilty. *Id.* At the restitution hearing, the State sought, and was awarded, restitution for additional unauthorized individual transactions. *Id.* On appeal, Schultz argued that the court could not order restitution for each individual act of theft unless each specific act was adjudicated at trial. *Id*. at 886, 231 P.3d at 531.

This Court declined to read the statute as narrowly as Schultz requested. Instead, we held that the State could seek restitution for similar, unauthorized transactions within the same time frame and criminal theory alleged in the charging document regardless of whether the State proved each individual act of theft. *Id*. Consequently, we affirmed the restitution award, holding that restitution was "statutorily available for *all* unauthorized transactions as a direct result of defendant's criminal conduct and conviction for grand theft in exercising unauthorized control and/or making unauthorized transfers over the victim's accounts during the time frame in question." *Id.* at 887, 231 P.3d at 532 (emphasis added). Similar to *Schultz*, Adams is statutorily required to pay restitution for *all* unauthorized charges to the company account that were causally related to the criminal theory of theft charged in the information. Accordingly, the district court's order of restitution is consistent with the holding in *Schultz*.

The district court did not abuse its discretion by ordering Adams to pay $15,053.49 in restitution. As the *Richmond* Court held, I.C. § 19-5304 gives trial courts the discretion to order restitution for the victim's economic loss caused by a defendant's criminal conduct, even if the actual loss is greater than one of the statutory elements of the crime itself. Consequently, the district court did not act outside its statutory authority in awarding restitution for the full economic

5

loss suffered by the victim from Adams' unauthorized charges to the company account. The district court recognized this decision was a matter of discretion, and the decision is within the boundaries of such discretion and consistent with the applicable legal standards. The district court found by a preponderance of the evidence that Adams' unauthorized charges to the company bank account resulted in an economic loss of $15,053.49, and Adams makes no challenge to the factual determination.

## IV.

## CONCLUSION

The district court did not abuse its discretion by ordering Adams to pay $15,053.49 in restitution upon his conviction of petit theft. Accordingly, the district court's order of restitution is affirmed.

Judge BRAILSFORD and Justice Pro Tem HORTON **CONCUR**.