**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48459**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 14, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KADEN A. HOWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order for restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Kaden A. Howell appeals from an order for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Howell pled guilty to battery upon certain personnel (I.C. § 18-915(3)) and resisting or obstructing officers (I.C. § 18-705) following an altercation with officers who responded to a report that Howell was trespassing. In the plea agreement, Howell agreed to pay restitution for insurance claims arising from injuries he caused to two officers. For the first claim involving one of the officers (Mohler), Howell agreed to pay $752.03. For the second claim, which involved the other officer (Hintze), Howell agreed to pay "an amount yet to be determined." Howell's judgment of conviction ordered him to pay $752.03 in restitution,

1

but also indicated "further restitution [would] be determined at a restitution hearing." Subsequently, the State moved for $29,583.63 in restitution, $752.03 for Officer Mohler's injuries and $28,831.60 for Officer's Hintze's injuries.

The evidence adduced at the ensuing restitution hearing related exclusively to Officer Hintze. At the conclusion of the hearing, the district court orally pronounced that it found the Idaho State Insurance Fund (ISIF) paid $29,035.60 for Officer Hintze's injuries. However, the district court ultimately entered a written order requiring Howell to pay $29,583.63 in restitution as requested in the State's motion. Howell appeals.

## II.

## STANDARD OF REVIEW

A restitution order is reviewed for an abuse of discretion. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Howell argues that the district court erred by ordering him to pay $29,583.63 in restitution, contending that there is not substantial evidence to support that restitution award because the district court orally pronounced that only $29,035.60 would be "due and owed as restitution." The State responds that the district court properly awarded the amount of restitution requested in the State's written restitution motion. We hold that Howell has failed to show error in the district court's restitution order.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer

economic loss. *Richmond*, 137 Idaho at 37, 43 P.3d at 796; *Bybee*, 115 Idaho at 543, 768 P.2d at 806. The trial court is directed by statute to base the amount of economic loss on the preponderance of evidence submitted to the trial court by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence. *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Trial courts may order restitution in a judgment of conviction, a separate order, or both. I.C. § 19-5304(2).

The district court initially ordered Howell to pay $752.03 in restitution in his judgment of conviction. The judgment of conviction also indicated, however, that "further restitution" would be determined in a restitution hearing. Subsequently, the State filed a written motion seeking a total of $29,583.63 in restitution for the injuries sustained by both officers. Letters from a claims examiner at the ISIF and payment summaries attached to the State's motion indicate that $752.03 was for Officer Mohler, which amount was included in the judgment of conviction, and the other $28,831.60 related to Officer Hintze. During the subsequent restitution hearing, an ISIF claims supervisor testified that ISIF paid $29,035.60 for Officer Hintze's injuries. At the conclusion of the hearing, the district court indicated that amount ($29,035.60) was "appropriate" and would be ordered. The district court's subsequent written restitution order, however, required Howell to pay the $29,583.63 in restitution as requested in the State's written restitution motion.

Howell challenges the restitution award because the amount the district court orally pronounced during the restitution hearing is less than the total amount the subsequent written restitution order commands him to pay. According to Howell, this discrepancy shows that the amount of restitution identified in the district court's written order is not supported by substantial evidence. We disagree.

As noted, the State moved for a total of $29,583.63 in restitution. Although the State's motion did not expressly break down the total request into constituent parts, the documentation accompanying that motion indicated that the total amount requested encompassed the amounts paid for both injured officers. Howell stipulated in his plea agreement that he would pay $752.03 for Officer Mohler's injuries. Stipulations are judicial admissions that obviate the need to prove matters included in the stipulation. *Smith v. Smith*, 167 Idaho 568, 583, 473 P.3d 837, 852 (2020). The evidence the State presented during the restitution hearing related only to Officer Hintze's

3

injuries. The documents attached to the State's written restitution request indicate that $28,831.60 was paid for those injuries. However, the ISIF claims supervisor testified during the actual restitution hearing that $29,035.60 had been paid--$204 more than the documents attached to the State's written request indicated. Based on that testimony, the district court found that the ISIF paid $29,035.60 on behalf of Officer Hintze.

On appeal, Howell does not challenge the sufficiency of the evidence supporting this finding. Accordingly, Howell implicitly acknowledges that there is sufficient evidence to support a total restitution award of $29,787.63--composed of $752.03 for Officer Mohler and $29,035.60 for Officer Hintze--even though the district court ultimately ordered less than that ($29,583.63). Although the district court limited Howell's total restitution obligation to the amount requested in the State's written restitution request, there is ample evidence, as set forth above, to support the amount of restitution ordered.

## IV.

## CONCLUSION

Substantial, competent evidence supports the district court's restitution order. Consequently, Howell has failed to show that the district court erred by ordering him to pay $29,583.63 in restitution. Accordingly, the district court's order for restitution is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4